# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-22-00485-CV

---

**J. T., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 453RD DISTRICT COURT OF HAYS COUNTY**
**NO. 22-0193, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

J.T. (Mother) appeals the trial court's final order terminating her parental rights to her children.[1] *See* Tex. Fam. Code § 161.001. After a jury trial, the jury found by clear and convincing evidence that statutory grounds for terminating her parental rights existed and that termination of those rights was in the child's best interest. *See id.* § 161.001(b)(1)(D), (E).

Appellant's court-appointed attorney has filed a motion to withdraw supported by an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from terminations of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record

---

[1] For the children's privacy, we will refer to them by aliases and to their family members by their relationships to them or by aliases. *See* Tex. R. App. P. 9.8. The parental rights of the children's fathers also were terminated, but they have not appealed.

demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). Appellant's counsel has certified to this Court that he has provided Mother with a copy of the *Anders* brief and motion to withdraw and advised her of her rights to examine the appellate record and to file a pro se brief. To date, Mother has not filed a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, concurring that the evidence is legally and factually sufficient to terminate Mother's parental rights.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on Mother's behalf. We have found nothing in the record that might arguably support an appeal, and we agree the appeal is frivolous and without merit. We have specifically reviewed the trial court's findings as to Mother under subsections (D) and (E), and we have found no nonfrivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). Accordingly, we affirm the trial court's order terminating Mother's parental rights.

However, the Supreme Court of Texas has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in th[e Supreme Court of Texas], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to Mother has not yet been discharged. *See id.* If after consulting with counsel Mother desires to file a petition for review, her counsel should

timely file with the Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28. Counsel's motion to withdraw therefore is denied.

_____

Darlene Byrne, Chief Justice


Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed: November 29, 2022